**DISMISS; and Opinion Filed April 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00487-CV

### IN RE DEBRA ANN PRUITT, Relator

**Original Proceeding from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. C114-024**

## MEMORANDUM OPINION
Before Justices Moseley, Fillmore, and Evans
Opinion by Justice Fillmore

On April 22, 2014, relator, Debra Ann Pruitt, filed an application for injunctive relief seeking a temporary order restraining First Baptist Church of Rockwall from enforcing a writ of possession or otherwise seeking to remove relator and other occupants from a commercial property. The trial court signed a judgment of possession on April 10, 2014, and set the supersedeas bond in the case at $175,000. Relator filed a motion to reduce the supersedeas bond in the trial court that is set to be heard on May 5, 2014. According to her application for injunctive relief, First Baptist Church has indicated the writ of possession will be served today, and relator will be locked out of the property tomorrow.

This Court's power to issue writs is statutorily defined. Our statutory general writ power is limited to "writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a) (West 2004). Relator does not allege any threat to the court's jurisdiction in an

existing appeal and, thus, her petition cannot be construed as seeking the issuance of a writ under section 22.221(a) of the government code. *Id.*; *In re Ruston*, No. 05-06-01014-CV, 2006 WL 2294743, at *1 (Tex. App.—Dallas Aug. 10, 2006, orig. proceeding) (mem. op.).

Accordingly, any writ that relator seeks must be evaluated under the powers granted the Court under section 22.221(b) of the government code. Under that section, the Court is statutorily authorized to issue writs of mandamus against judges of district or county courts. TEX. GOV'T CODE ANN. § 22.221(b) (West 2004). Here, the application for injunctive relief does not seek relief against a judge of a district or county court and thus does not fall within this Court's jurisdiction.

For the reasons set forth above, the Court does not have jurisdiction to grant the relief sought. Therefore, we **DISMISS** the application for injunctive relief.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

140487F.P05